## HALL v. ALEXANDER.

1. A distributee who has received a portion of his distributive share, and releases to the administrator all claim upon the residue, is a competent witness for the administrator, in a suit against him by a creditor of the estate. So also is the husband of a female distributee, who releases his wife's claim to such residue.

2. The administrator is not a competent witness to prove to the court, that he had funds in his hands sufficient to pay all the claims of creditors, for the purpose of enabling the distributees of the estate to testify. But if the distributees execute releases to him, previous to being admitted to give evidence, as his testimony could not prejudice, it will not be an error available in this court.

Error to the County Court of Lowndes.

Assumpsit by the plaintiff, against the intestate, defendant in error, *to recover wages as an overseer.*

From a bill of exceptions, it appears the defendant introduced as a witness, Edmund Alexander, an heir and distributee of the intestate, who had received a portion of his distributive share of the estate, and had not given to the administrator any refunding bond; that the witness had executed, and delivered, a release, and relinquishment of all his interest in the residue of the estate, to the defendant, the sole administrator of the estate. The intestate left real estate, and be-

sides the present claim, there were other claims also in suit, to the amount of $5,500.

The defendant then offered to show by his own oath, to the court, and not to the jury, that he had in his hands, as administrator, assets of the estate sufficient to pay all these demands, and all other demands against the estate, without calling upon any distributee to refund any portion of the estate he might have received. The plaintiff objected to this evidence, but the objection was overruled, and the witness Edmund Alexander permitted to testify.

The defendant also offered as a witness, one Thomas Youngblood, who had married a daughter of the intestate, and had reduced to possession a portion of the distributive share of his wife, and had executed no refunding bond to the administrator, but had executed a release, and relinquishment of all his right to any further distributive share of his wife, to the administrator, but without any valuable consideration. The defendant also gave evidence to the court, as in the case of the preceding witness, whereupon the court admitted the witness to testify. To all which the plaintiff excepted, and which he now assigns as error.

ELMORE, for plaintiff in error—

The administrator was improperly admitted as a witness. It was not justifiable even on the score of necessity, as the same facts could have been proved by other witnesses.

The witness, Edmund Alexander, was improperly admitted, because the effect of his testimony was to confirm him in the enjoyment of an interest in possession, and to prevent a diminution of it. [1 Richardson, 268 ; 6 Conn. 106 ; Cowper, 621 ; 8 Martin, 232 ; 1 Ala. R. 256 ; 7 Cow. 64 ; 6 Monroe, 620 ; 5 Conn. 262 ; 1 McCord, 304 ; 13 Mass. 391 ; Greenleaf on Ev. 438, 40.]

The want of a refunding bond made no difference, his liability was as direct without, as with it. That, if it existed, would affect the remedy only. [Rice's R. 440.]

Youngblood did not, and could not, release his wife's interest in the land, nor his right to the enjoyment of it, during his life. This objection then exists to him, in addition to the objection to the other witness. [2 Hill's Ch. 110 ; 6

Binney, 483 ; 1 Bailey, 568 ; 4 Ala. R. 696 ; 2 Bailey Eq. 209 ; Greenl. on Ev. 389.]

He could not release, or assign her interest in the personalty, so as to bar her right of survivership, unless for a valuable consideration. She would be incompetent, as well as he. Clancy, 120 ; Roper on H. & W. 223.

T. J. JUDGE, contra. The administrator was competent to testify to the court, upon the preliminary inquiry. [7 Ala. R. 842.]

But if he was not, the plaintiffs have not been prejudiced, as they were competent without it. The execution of the releases restored their competency. There was then no fund in which they had a right to participate, which would be increased or diminished by the result of the suit, terminate as it might. [13 Mass. 391 ; Greenl. on Ev. § 427, page 498, note 3 ; 17 Pick. 418.]

The probability that the portion they have received might be reached by creditors of the estate, will not disqualify them. [Gren. on Ev. § 408, note 2.]

. The right of Mrs. Youngblood, to apply to a Court of Chancery, and have the residue of her distributive share settled upon her, does not affect the husband's competency. [22 Pick. 253.]

ORMOND, J.—The interest which will disqualify a witness must be a certain, direct, and immediate interest, in the event of the suit ; if it be contingent, or uncertain, it will go to his credit, and not to his competency. The distributees of this estate, having been offered as witnesses, and released all their interest to the administrator in the residue of the estate, were, upon this principle, competent to testify in behalf of the administrator. By that act, they precluded themselves from calling on him, for any farther portion, and there remains only the possibility that they may be compelled to refund to the administrator the portion they have already received of the estate, upon the ascertainment of subsequent debts. This contingency is too remote to exclude them ; it may possibly bias them, and will therefore to some extent

affect their credit. [Clarke v. Gannon, Ry. & M. 31; Greenl. on Ev. § 408.]

The witness, Youngblood, in addition to standing in the same relation with the previous witness, had also married a daughter of the intestate, and released to the administrator his wife's future distributive share of the estate, This it was competent for him to do, and such release would bar his wife from asserting any right to it, although she survived him, and the release was without consideration. There is a distinction between a release, and an assignment of the wife's *chose in action* by the husband. The latter will not be operative against the wife surviving her husband, unless founded on a valuable consideration, whilst the former is good without any consideration. The reason of the distinction appears to be, that as the husband may bar the right of the wife by reducing into possession during his life, his release operating upon the subject by extinguishing the right, has the same effect. [Clancey on Rights, 110, and cases cited.]

The introduction of the administrator, to prove to the court that there was a sufficiency of assets, to discharge the outstanding debts, was not proper. The case of Ex parte Simpson, 7 Ala. R. 842, is not an authority for the introduction of a party to the suit, under the circumstances of the present case. The rule in that case, is confined to the preparation of the suit for trial, and to such matters as are auxiliary merely to the main question; and although we are entirely satisfied with that case, it is not to be extended beyond the limits within which it is confined, by the precise condition upon which it is placed. Here, the purpose was, to lay the foundation for the introduction of a witness, by showing a state of facts, which would prove that the witness had no interest, and the witness, when introduced was to swear directly in his favor. It is obvious, that this case does not come within the principle of Ex parte Simpson. It is not collateral to the main question, but enters directly in it.

The admission of the administrator to testify to these facts, did not, however prejudice the opposite party, because the witnesses, without this testimony, were fully competent upon the execution of the releases. It was then an error, with-

out injury, and therefore not available, within the rule of numerous decisions of this court.

The argument against the introduction of these witnesses, upon the ground of public policy, cannot be sustained. It is true, it is difficult for the mind to divest itself of the idea, that there may not be something collusive in such releases as these, made without consideration. But that is an argument which proves too much, as it would sap the foundation upon which the doctrine of restoring the competency of a witness, by release, stands. He is thereby rendered *legally* competent, but the jury are under no obligation to believe him, and with them he may be very safely left.

Let the judgment be affirmed.