## LOCKE v. NOLAND & NOLAND.

1. A husband and wife, releasing to their children all their interest in the estate of the father of the wife, are not thereby rendered competent witnesses, in a contest upon the validity of the will of the wife's father.

Error to the Orphans' Court of Pickens.

THE defendants in error produced a paper, which they alledge to be the last will of Philip Noland, which they petitioned the court to admit to probate.

This was contested by the plaintiff in error, and an issue being made, and submitted to a jury, they found in favor of the petitioners, and thereupon the will was admitted to probate.

Pending the trial before the jury, the contestants offered in evidence, the deposition of Mary Harben, a married daughter of the testator, and one of the legatees in the will, who previous to being sworn, together with her husband, executed the following instrument:

"Know all men by these presents, that we, Newton Har-

32

ben, and Mary his wife, for and in consideration of the love and affection which we have and bear to our children, Juliana Holland, Malvina Cowsent, and Alfred Harben, and also in consideration of the sum of one dollar to us in had paid, have, and do by these presents assign, release, and forever quit claim, unto the aforesaid Juliana, Malvina, and Alfred, all our right, title, and interest, in and to the estate of Philip Noland, deceased, to which we are, or may be entitled as heirs and distributees, in right of the said Mary, wife of the said Newton Harben, daughter of the said Philip Noland, deceased. In testimony whereof, we have hereunto set our hands and seals, 2 November, 1846.

NEWTON HARBEN, [seal.]

MARY HARBEN, [seal.]"

This deposition was rejected, on the motion of the petitioners, upon the ground that the witness was incompetent, and for the same reason rejected the testimony of Newton Harben, who was offered as a witness. To this the contestant excepted, and now assigns as error.

LINCOLN CLARK, for the plaintiff in error, makes the following points:

The release executed by Newton Harben and Mary Harben was sufficient to make them competent witnesses.

In this case the plaintiff in error contested the will offered by the defendants. The wife of Newton Harben was the daughter of the testator: it will be seen that their release is broad, including their entire interest both in the real and personal estate, and that it was executed and delivered before either of the witnesses were sworn.

In proof of the point made, see the following authorities: [Greenleaf on Ev.; 1 Phillips on Ev. 133; 2 Ibid, 269, note 268; Ibid, 264, note 259; Ibid, 265.]

If upon the assignment of one's interest he is competent to establish a will in which he is a legatee, why not to prevent its establishment when he is alike free from interest?

The case of Powell v. Powell, 7 Ala. R. as also the case of Murray v. Mason, 8 Porter, 201, were quoted and relied upon in the orphans' court. The first case is referred by the court to the second, and merged it. There the witness released

only his interest in that suit. In this, the assignment is without qualification or limit. But the objection which went to the exclusion of the witness was founded upon the idea of champerty and maintenance; and so is the case of Bell v. Smith, quoted by the court and commented on at length in their opinion in the case of Murray v. Mason. But in this case the plaintiff in error, who was the contestant, could not be guilty of champerty and maintenance because he occupied the place of a defendant. Nothing will be taken by intendment in favor of a will: before those who claim to be executors offer it, they must notify by citation the next of kin to appear and show cause against it if any they have— this is in the nature of process; it shows the position of the parties, and that the contestant is defendant. Now it never was heard that a defendant could be guilty of champerty and maintenance—he who moves suits is guilty of the offence, not he who defends them.

No question relative to costs can arise to prejudice the legality of the evidence, for the contestant, if he fails, is alone liable for costs.

STITH, for the defendants in error:

1. In a case of this kind the court is entitled to be satisfied that the steps taken render a witness competent, are in good faith and not merely colorable. [Steel v. Phœnix Ins. Co. 3 Binne Rep. 313-16-17.] This pretended assignment is suspicious on its face.

2. A party to the record cannot be made competent as a witness, by releasing his interest and being indemnified against costs. [Stone v. Bibb, 2 Ala. R. N. S. 100.] Harben and his wife being anxious to set aside the will, (as appears in the deposition) were in fact as truly contestants as if their names had been on the record as such.

3. If this release or assignment could not be enforced against the witnesses, if they choose to avoid it, it does not make them competent. It is void as to the wife of Harben because it would, if valid, transfer her interest in her father's lands; and is not acknowledged by her, as *femes covert* are required to acknowledge any deed for their interest in lands, &c. [Clay's Dig. 151, 152, 155, § 1, 2, 27.]

4. The transfer is void. [9 Porter, 126.] It is an attempt to convey an interest in land, when the grantors are not even constructively in possession, and is therefore void. [Dexter and Allen v. Nelson, 6 Ala. Rep. N. S. 68.] It is a mere quit claim to an imperfect title to lands, and would therefore be void as against the legal title afterwards acquired by the witnesses.

5. A residuary legatee is an incompetent witness in a suit, the result of which may augment or diminish the fund in which he may participate. [Jones v. Scott, 2 Ala. Rep. N. S. 58.]

6. In regard to the interest of the witnesses in the personal property of the testator, it is a mere *chose in action*, and could not be recovered in the names of the transferees; therefore in a subsequent action, the witnesses would necessarily be plaintiffs of record, and are consequently still interested and incompetent. [Goodwyn v. Lloyd, 8 Porter, 237.] The transferor of a *chose in action* is not a competent witness to sustain an action to recover it, and it seems a release would not restore his competency. [Goodwin v. Harrison, 6 Ala. Rep. 438; Houston, Adm'r, v. Prewett, 8 Ibid, 846; Murray's Adm'r v. Mason, Adm'r, 8 Porter, 211, 32; Williams, Ex'r, v. Temple, 6 Ala. Rep. 656.]

7. One co-legatee cannot make herself a competent witness to increase the distributive sum of her co-legatees, by releasing to them her interest in the legacy; and her deposition under such circumstances may properly be suppressed. [Powell, et al. v. Powell, Adm'r, 7 Ala. Rep. 582.]

8. The witnesses do not refuse to accept their interest in the testator's estate, but, in legal effect, do accept it, and offer to give it or sell it to their children, so that in legal contemplation they would, as to future liabilities, be considered as having received their share as distributees if the will should be set aside, and in that view they would be liable to contribute to pay debts which might afterwards be established against the testator's estate. They cannot therefore release themselves from liability in this way, and are incompetent.

9. The witnesses have not attempted to transfer their interest as legatees, but only as distributees, so that if the will be established, they could say they had not assigned their inter-

Locke v. Noland.

est under the will as legatees; and after failing in their efforts to set aside the will, could evade their quit claim as distributees, and take as legatees. They are therefore incompetent.

ORMOND, J.—This is an attempt on the part of the witnesses, to establish by their own testimony, a right transferred by them, to their own children, to a distributive share of their grand-father's estate, which right is derived from them; the release, as it is called, being nothing less than a transfer of all the interest of Mrs. Harben in her father's estate. This is the precise point decided in Powell v. Powell, 7 Ala. 584, and is also within the influence of other decisions of this court, which hold that it is contrary to public policy, to permit a witness to establish by his own testimony, a claim derived from himself. [Houston v. Prewit, 8 Ala. 846; Goodwin v. Harrison, 6 Ala. 438.]

We have not thought it necessary to inquire whether, as contended, this conveyance is not sufficient to convey the interest of Mrs. Harben and her husband in her father's estate. Conceding it to be so, it is most manifest, they are really as deeply interested, as if they were contestants upon the record. If the transfer were to a stranger, and for a valuable consideration, they would not be competent witnesses to establish the claim derived from themselves; still less can they be so in this case, where the transfer is to their own children, and without consideration. In such a case, whatever may have been the motive, in estimation of law, it is merely colorable.

The witnesses being properly rejected, the judgment of the court must be affirmed.