## CLEALAND vs. HUEY et al., Adm'rs.

| 18 | 343 |
| 115 | 458 |

1. The interest of a legatee, whose legacy has been paid, is too remote and contingent, to render him incompetent as a witness for the executor.

2. The competency of a witness is presumed until the contrary is clearly shown, and the mere fact that the witness has intermarried with the daughter of the testator does not show that he is legally interested in a suit, brought against the executor in his representative character. The rule would be different, if the suit was against the personal representative of an intestate.

3. If a witness can state the substance of the whole testimony given by a deceased witness on a former trial, he is competent to testify, although he cannot repeat the precise language of the deceased.

4. The admissibility in evidence of what a deceased witness swore on a former trial does not depend on the nominal identity of the parties. It is sufficient, if the second trial, in reference to the same subject matter, is between those, who represent the parties to the first by pivity in blood or estate.

5. The declarations of a party, in possession of personal property, are admissible to prove that he claimed the property as his own.

6. Where it is a question before the jury, whether the note sued on is the note of the defendant, or of a third person, the fact that the plaintiff had sued and recovered judgment on the note against such third person, is not irrelevant, but is a circumstance proper for the consideration of the jury.

ERROR to the Circuit Court of Talladega. Tried before the Hon. John J. Woodward.

THIS was an action of assumpsit, brought by the plaintiff in error against David Walker, the testator of the defendant in error, in his life-time, on a promissory note, alleged to have been executed by the deceased, but which was signed in the name of David S. Walker. The note was made payable to Nichols, Poor & Hall, and by them assigned to the plaintiff. Poor, one of the payees of the note, was introduced as a witness, and testified that David S. Walker, the grandson of David Walker, the defendant, applied to Nichols, Poor & Hall to buy a carriage for his grandfather, stating that he had authority from his grandfather to buy it; and that about a month after his application, the said David S. again applied and stated that he had authority to give his grandfather's note to secure the payment. On this application, Nichols, Poor & Hall sold him the carriage and took the note sued on, believing at the time that the name of the grandfather was David S. Walker, and that the grandfather was in fact the maker of the note. This witness further testified that David S. Walker, the grandson, at the time of executing note, represented that his grandfather's name was David S. Walker, and that he bought the carriage on his credit. It also appeared that a suit had been commenced by the present plaintiff against David S. Walker, the grandson, and a recovery had against him, but he being insolvent, no satisfaction of the judgment could be obtained. The witness also stated that upon being informed that judgment had been recovered, and that the money could not be made, he came to the conclusion that the name of the elder Walker was not David S., as had been represented, and at the request of the plaintiff, he went to see David Walker, the grandfather, and told him all the circumstances; that the said David Walker then had the carriage in his possession and offered to give it up to the witness in part payment of the note, which he declined to accept, as he had no authority to do so. He also stated that Walker, the grandfather, then said that the debt was just, and he would pay it. The defendants introduced as a witness one A. M. Barclay, who was objected to on the ground of interest. It appeared that he had a legacy of five dollars bequeathed to him by David

Walker, the deceased. Thereupon the defendants paid him in open court the five dollars thus bequeathed to him, and he was permitted to testify. This witness stated that David S. Walker, who is also now dead, was examined in this cause on a former trial; and the defendants offered to prove by him what the deceased witness stated on his examination, to which the plaintiff objected, but his objection was overruled. The witness then stated that David S. Walker swore that he purchased the carriage for himself and not for his grandfather, and that he so informed Poor, the witness examined by the plaintiff, at the time of the purchase; that he signed the note in his own name to bind himself and not his grandfather; that he did not represent that his grandfather was named David S.; that he had no authority to buy the carriage for his grandfather, nor did he pretend to do so; that he kept the carriage, until it was sold in Wetumpka, as his own; that he had bought a carriage for his grandfather in Montgomery, and in his name and on his credit, which was carried by him to his grandfather's; and that this latter carriage was the only carriage on the place at the time of the interview between Poor, the witness, and his grandfather. The plaintiff objected to the admission of what David S. Walker swore on the former trial, and particularly to what he said about his buying a carriage for his grandfather in Montgomery, but his objection was overruled.

The defendant also introduced one Hale as a witness, and the plaintiff objected to his testifying on the ground of interest, and because he had married a daughter of David Walker, the original defendant to this suit. It appeared that the witness was a legatee under the will, but only five dollars was bequeathed to him. The defendants then in open court paid him this legacy, and there being no other evidence of his interest, the witness was permitted to testify. The defendants offered in evidence the record of the judgment rendered on this note against David S. Walker, to which the plaintiff objected, but the objection was overruled. The defendants also proved by Barclay, the witness examined by them, that he saw David S. Walker in the possession of the carriage bought of Nichols, Poor & Hall, and that he then claimed it as his own. To this evidence the plaintiff also objected, but his objection was overruled. A verdict was rendered for the defendants, and the plaintiff brings the

24

cause to this court and assigns for error the ruling of the court in admitting and rejecting the evidence, as stated.

RICE, for the plaintiff.

BELSER, for the defendants.

DARGAN, C. J.—It cannot be doubted, but that Barclay was a competent witness. Five dollars only was bequeathed to him by the will of David Walker, and the administrators, with the view to render him competent, paid him this legacy in open court. This payment removed the objection of interest. A legatee, who has been paid by the executor, may be called as a witness by him, for his interest is then considered too remote and contingent to render him incompetent.—Greenl. Ev. § 408; Hall v. Alexander, 9 Ala. 219; Clarke v. Gannnon, Ry. & M. 31.

2. Hale was also entitled to a legacy of five dollars, which was paid by the executors, with the view to render him competent. This payment removed the objection of interest growing out of his legacy, but the plaintiff in error contends that, as he was the husband of one of the daughters of the testator, the presumption is that he is interested in right of his wife. The rule is, that competency is presumed, until the contrary is clearly shown, and the mere fact, that the witness has intermarried with the daughter of the testator, does not show that he is legally interested in a suit, brought against his executors, in their representative character. Had the deceased died intestate, then, under the law of distribution, his daughter would have been legally interested, but when it was shown that the deceased had executed a will, and bequeathed to the husband of his daughter five dollars, a legal presumption of further interest in right of his wife could not arise; and if in fact a legacy had been bequeathed to the daughter, it should have been shown by the party, objecting to the competency of the husband as a witness.

3. Nor did the court err, in permitting the witness, Barclay, to testify to what the deceased witness stated on the former trial of this cause. The rule on this subject is, that if the witness can state the substance of the whole of the testimony given by the deceased witness, he may be permitted to testify, and he cannot be required to repeat his precise language.—Gildersleeve

v. Carraway, 10 Ala. 260; Davis v. The State, decided at the last term, and cases there cited. But it is urged that the former trial was between the plaintiff and the defendant's testator, and, therefore, the parties are not the same; that the evidence of what the deceased witness stated should have been rejected on this ground. The admissibility, however, of such testimony does not depend on the precise nominal identity of the parties to the suit, for if the second trial of the same subject matter is between those, who represent the parties to the first, by privity in blood or estate, the evidence is admissible.—Greenl. Ev., vol. 1, § 164; Wright v. Tathun, 1 Ad. & Ellis, 3; Jackson v. Lawson, 15 Johns. 544. Neither could any part of the testimony, given by the deceased witness upon the former trial, be said to be irrelevant. The object of introducing this testimony was to contradict what the witness for the plaintiff had stated. He had sworn that when he went to the house of David Walker, the grandfather, he saw in his possession the carriage that had been sold by Nichols, Poor & Hall; and to impeach this portion of the testimony of Poor, the deceased witness had sworn that at the time Poor visited his grandfather, the only carriage on his place was one that he had bought for him in Montgomery, and not from the payees of the note. For the purpose of contradicting the testimony of Poor, the evidence of the deceased witness was clearly relevant.

5. It is also insisted that the declaration of David S. Walker, whilst he was in the possession of the carriage, that it was his own, was inadmissible. It has been so often decided by this court, that the declarations of one in possession of property, explanatory of his possession, and showing the character or extent of his claim to it—as that he held in his own right, or as agent for another, or that he claimed the absolute right, or a less estate in the property—are admissible, that it is needless to do more than refer to some of the cases.—McBryde & Wife v. Thompson, 8 Ala. 650; Mawhinney & Smith v. Thompson, 17 Ala. 362, and cases there cited; Nelson v. Iverson, 17 ib. 217; Abney v. Kingsland, 10 Ala. 355.

6. Nor do we think the court erred in admitting the record of the suit against David S. Walker as evidence. One of the questions submitted to the jury was, whether the note sued on was in truth the note of David S. Walker or of David Walker,

the grandfather. That suit had been commenced against David S. Walker, and a judgment recovered against him on the note, was certainly a circumstance admissible as evidence to be weighed by the jury. Independent, however, of this view, the pleadings in this cause admitted the recovery of this judgment; it was therefore unnecessary to produce the record, but as its production proved nothing more than was admitted by the pleadings, it could not possibly work an injury to the plaintiff.

There is no error in the record, and the judgment must be affirmed.

CHILTON, J., not sitting.