## HERNDON vs. GIVENS' Adm'r.

1. When a declaration contains a special count and also the common counts, and the evidence, though inapplicable to the common counts, clearly entitles the plaintiff to a recovery on the special count, the appellate court will not reverse on account of the court below instructing the jury that he was entitled to recover on the common counts.

2. A distributee of an estate may become a competent witness for the administrator by releasing to him his distributive share in the estate.

3. But he is not a competent witness to prove the execution of his own release.

Error to the Circuit Court of Talladega. Tried before the Hon. E. Pickens.

Rice & Morgan, for plaintiff in error:

1. The interest of James A. H. Givens having been first shown *aliunde*, it was erroneous to allow him to prove that he had released.—Dent v. Portwood, 17 Ala. 242.

2. But a release by an heir to an administrator, of all claim, right, title, or interest in the estate of the intestate, does not render the heir a competent witness for the administrator, if the intestate died seized of real estate; such release does not divest the heir of his interest in the land, nor does it exempt him from contribution for costs, if the administrator lost the suit.—Scales v. Desha, 16 Ala. 308, and cases therein cited; Blackman v. Blackman, 16 Ala. 633.

3. But here the heir (James A. H. Givens) had actually received an advance of $350 from the intestate, and the release

21

could not exempt that advance from liability to then existing creditors, provided the costs of this suit should exhaust the estate and make it necessary for creditors to resort to the advance thus made.

4. The heir here was also the original owner of the chose in action sued on, and transferred it to the intestate as collateral security for a debt due the intestate.—Houston v. Prewitt, 8 Ala. 486.

5. The first charge given is erroneous, especially when scanned and interpreted in connection with the evidence. This charge overlooks the fact that it is an irregular endorsement—an endorsement by Herndon, alone, of a note payable to Herndon & Kelly. This charge relieves the intestate of suing the makers of the note in the county of their residence. It assumes that the endorser would be liable upon a promise, although it was made in utter ignorance of the failure of the endorsee to sue according to law, in the proper county, and with proper diligence. It assumes that without any special replication of a subsequent promise, an endorsee may recover of an endorser, who has become a certificated bankrupt, upon proof of a subsequent promise, and that such recovery can be had under the count for an account stated, without any special replication to the plea of bankruptcy.

WHITE & PARSONS, *contra :*

1. If Jas. A. H. Givens was interested, it was only as distributee, (see Herndon v. Givens, 16 Ala. 268,) and a release by a distributee to the administrator of all interest in the estate renders him a competent witness for the administrator.—Scales v. Desha, Shepherd & Co., 16 Ala. 311; 1 Green. Ev. § 428; 4 Camp. 27; 9 Ala. 219. The right of action was never in the witness, and he cannot, therefore, be a transferror of a chose in action, and the rule of public policy does not exclude him.—See, as illustrating the distinction, Bell v. Smith, 5 Barn. & Cress. 188; Houston v. Prewitt, 8 Ala. 846. A nominal consideration is sufficient to sustain the release.—16 Ala. 311.

Plaintiffs are entitled to recover under the *insimul computassent* count.—1 Chitty Pl. 358; 10 East 104; 11 ib. 118; 13 ib. 243; 16 ib. 240; 17 John. 38; 2 Call. 299.

This is not an effort to revive an old debt, the remedy upon

Herndon 'v. Givens' Adm'r.

'which is barred, but to enforce a promise, resting for its support upon the moral obligation of the bankrupt to pay a debt which, in law, had been discharged.—Brin v. Braham, 1 Bing. 281; 'Chitty on Con. 267; Bank v. Boykin, 9 Ala. 320.

If a new promise be conditional, it is a new assumpsit, for 'which the old debt is a sufficient consideration.—Witzell v. Buz- 'zard, 11 Wheaton, 309.

Discharge in bankruptcy may be given in evidence 'under the ·general issue·in assumpsit.—1 Chit. Pl. ; 12 Wend. 470.

When parties go to trial without a replication to a special plea, and the matter of replication is available under the general issue, the informality is .presumed to have been waived by mutu- al consent, and the trial to have gone on the merits.—Bond v. Hills & Fay, 3 Stew. 183. Wheelock v. Fitch, 3 Por., is over- .ruled in Abercrombie v. Moseley, 9 Por. 148.

There is in this case certainly no attempt at a replication of ·a new promise, and if the word replication in the record is held to apply to this plea·of bankruptcy, it can be intended to mean nothing more than a simple replication and issue upon the facts 'set forth in the plea.

DARGAN, C. J.—The declaration in this case contains sev- eral special counts, and also the common or usual money counts. The last special count sets forth with particularity the material facts which were proved upon the trial, to wit : the making of the note by the Tidmores, payable to Herndon & Kelly, the endorsement thereof by Herndon to James A. Givens; the bringing of the suit in the name of Herndon & Kelly, for the use of Givens; the rendition of judgment thereon, and the sub- sequent levy of an execution on the land of John Tidmore, one of the defendants. This count also alleges that John Tidmore filed his bill in equity against Herndon & Kelly, and also against said Givens, praying an injunction, upon which a final decree was rendered, perpetually enjoining, as to him, the said execu- tion. From this decree, an appeal was taken to the Supreme Court, and pending the cause in the Supreme Court, and after the discharge of said Herndon as a bankrupt, he, the said Hern- don, promised that he would pay said note, so endorsed by him, if the decree of the Chancery Court should be affirmed. It is

then averred that the decree was affirmed by the Supreme Court, whereby the defendant became liable to pay, &c. The defendant filed several pleas to the entire declaration, among which is the plea of his discharge in bankruptcy, *since making* the promises in the declaration mentioned. Upon this plea issue was joined, and the evidence which was introduced clearly shows that the endorsement of the note was made before the defendant was declared a bankrupt, but his promise to pay, if the decree of the Court of Chancery should be affirmed by the Supreme Court, was made after his discharge as a bankrupt was duly obtained. The court charged the jury upon this evidence, that the plaintiff was entitled to recover upon the count for an account stated, to which the defendant excepted.

It is a well settled rule of law, that an express promise to pay a debt, which the promissor is under a moral obligation to pay, will be enforced, although the legal remedy to enforce the payment of the original debt is extinguished by the statute of limitations or of bankruptcy.—Chit. on Con. (7 Amer. ed.) 190; Scanton v. Elslond, 7 John. 37; Shippen v. Henderson, 14 John. 178. But if the promise to pay be conditional, it is then incumbent on the plaintiff to prove that the condition has happened or been performed, and in such a case it is said to be the best mode of pleading, to set out specially the conditional promise, and then aver the fact or facts that make the promise absolute.—Chit. on Con. 191; Penn v. Bennett, 4 Campbell, 205; Fleming v. Hayne, 1 Starkie 370. Indeed, the authorities we have referred to would seem to imply, that when the promise is conditional it cannot be treated in the pleadings as an absolute and unconditional one, but that it should be alleged as made, and then the condition upon which the party promised to pay must be proved to have happened or to have been performed. The last special count in this declaration correctly avers all the circumstances attending the promise material to have been alleged, and then shows that the condition had happened upon which the promise was to be absolute. The evidence, too, clearly shows that this promise was made after the defendant was discharged as a bankrupt. The plaintiffs, therefore, were clearly entitled to recover upon this count, for the material part of the issue joined on the plea of bankruptcy was, whether the conditional promise was made before or after the discharge in bank-

ruptcy. And inasmuch as the plaintiff was clearly entitled to recover according to the evidence upon this count, we think it clear that the judgment could not be reversed, even if we admit that the evidence was inapplicable to the count for an account stated; for the defendant, in no sense, could be injured by the court's directing the jury that the plaintiffs could recover upon the common count, when the evidence clearly entitled the plaintiffs to a recovery on this special count. Whether the recovery was on the one or the other, the amount would necessarily be the same, and the defendant has suffered no injury by these instructions.

2. The plaintiffs introduced James A. H. Givens as a witness, and it was admitted that he was a son of the intestate, and one of his distributees; thereupon the plaintiffs introduced a release from said witness to them, whereby he released all his interest as a distributee in his father's estate, to the plaintiffs, and proposed to prove the execution of the release by the witness himself. To this the defendant objected, but his objection was overruled. It is settled by the decisions of this court, that a distributee of an estate may be rendered a competent witness for the administrator, by a release to him of all the interest of the witness in the estate of which he is a distributee.—Scales v. Desha, Shepherd & Co., 16 Ala. 308; Hall v. Alexander, 9 Ala. 219. Whether there may not be cases in which a simple release by a distributee, as such, would be insufficient to render him competent, it is not necessary to inquire; for it was shown that the estate of the decedent was entirely solvent, nor did it appear that his lands would be required to be sold to pay the debts, whether this suit failed or not; and before the question could be raised, that the interest of the witness in the lands descended to him from his ancestor rendered him incompetent, notwithstanding his simple release as a distributee, it should be shown, that the lands would be required for the purpose of paying the debts unless the administrator was successful in the suit, to sustain which, or the defence thereto, the distributee is called. This question we shall not decide, for it is not necessary; for, inasmuch as no question was made that the lands descended would be required to pay the debts if this suit failed, a release by the distributee of his distributive share clearly rendered him a competent witness for the administrator. This, however, does not get over the difficulty in this case, for the

question still remains whether the distributee was a competent witness to prove the release. Had the release been proved *aliunde*, then the fact being established that he was no longer interested, he could have properly testified in the cause; but the question is, was he competent to prove his own release, and thus qualify himself to give testimony in favor of the administrator? In the case of Dent v. Portwood, (17 Ala. 242,) we had occasion to examine this precise point, and the conclusions to which we came were, that where the interest of the witness was made to appear from his own examination, he might be further examined for the purpose of showing that it had been extinguished or released. But on the other hand, if the interest of the witness appeared *aliunde*, and not from the examination of the witness himself, then the witness could not be examined to remove the objection, or to prove the execution of the release. I have looked into the authorities, and the reasons upon which that case rests, and I am satisfied it is correct; for, if the witness is shown to be interested otherwise than by his own testimony, his mouth is closed, and he cannot be permitted to testify at all until the objection is removed, and consequently cannot speak to remove the objection. But if the objection of interest is raised by the testimony of the witness himself, in the course of his examination, it is then but reasonable to permit the objection to be removed by the same means by which it was created. Applying these tests to the question whether the witness, James A. H. Givens, was competent to prove the release executed by him, as a distributee, to the plaintiff, we are constrained to hold that he was not. When he was offered by the plaintiffs it was admitted that he was a son and one of the distributees of the intestate. This rendered him incompetent, and the objection to his interest was then made. After the objection was made, the court permitted the witness, at the instance of the plaintiff, to prove the execution of his release. In this there was error.

We need not examine whether the court erred in permitting Edward Givens to prove the release executed by him, for it is manifest that upon another trial this can be done by other testimony. Nor shall we examine in detail the other questions raised in the course of the argument; it is sufficient to say that if any of them would avail the plaintiff in error, they can be removed in a subsequent trial.

The court erred in permitting James H. Givens to prove the release by him executed, and the judgment must be reversed and the cause remanded.

CHILTON, J., having been of counsel, did not sit in this case.