## LESLIE *vs.* SIMS.

[CONTESTED PROBATE OF WILL.]

39 161|
99 205'

1. *Admissibility of proponent's declarations against will.*—Where the probate of a will is contested, on the grounds of fraud and undue influence, the declarations of the proponent, who is the principal legatee, to the effect that "she was not satisfied with" a former will executed by the decedent, "and never would have touched the legacy which was therein given to her," are not competent evidence for the contestant.

2. *Competency of legatee as witness against will.*—A person to whom a legacy is bequeathed by the will propounded for probate, is not thereby rendered incompetent to testify as a witness against the will.

3. *Presumption of injury from error.*—Where a witness is erroneously excluded, on the ground that he is incompetent for a specified reason, the error will work a reversal, although the record shows that he was incompetent on another ground, but does not affirmatively show that the objection to his competency on the latter ground, if made in the court below, could not have been removed by a release.

4. *Who are parties to proceeding for probate.*—The distributees and next of kin of the decedent, although notified, are not parties to the proceeding for the probate of his will, unless they participate in the contest, or are made parties in the probate court.

APPEAL from the Probate Court of Talladega.

IN the matter of the probate of the last will and testament of Mrs. Ann Jack, deceased, which was propounded for probate by Mrs. Frances A. Sims, and contested by Theodore J. Leslie. The proponent, who was the principal and residuary legatee under the will, was a niece of the testatrix, and the contestant was a nephew. The probate was contested on the grounds of fraud, undue influence, and insufficiency of execution. The testatrix was a widow, and died without children. On the trial, as the bill of exceptions shows, the proponent proved, by one of the subscribing witnesses, the execution of the paper propounded for probate, and the legal capacity of the testatrix at the time of its execution. On cross examination of this witness, the contestant proved the due execution of a former

will by the testatrix, by which she bequeathed to the proponent a legacy of five hundred dollars, and devised and bequeathed the bulk of her estate to Moses T. Leslie, who was her nephew, for life, "and at his death to be disposed of as he and Theodore J. Leslie may see proper." The contestant then offered to prove by said witness, "that the proponent had said, since the making of the paper now propounded for probate, that she was not satisfied with the first will, and never would have touched the legacy which was therein given to her." The proponent objected to this evidence, and the court sustained the objection; to which the contestant excepted.

The contestant afterwards offered as a witness said Moses T. Leslie, who had been notified of the proceeding for the probate of the will, as one of the decedent's next of kin and distributees, and to whom were bequeathed by said will "one bed and furniture and one bureau." The proponent objected to the competency of said witness, "on the ground that he was a legatee named in said will, and, therefore, could not be examined as a witness against the validity of the will." The court sustained the objection, and excluded the witness; to which the contestant excepted.

The rulings of the court to which, as above stated, exceptions were reserved, are now assigned as error.

L. E. PARSONS, for appellant.
WALDEN & BOWIE, *contra*.

A. J. WALKER, C. J.—The court committed no error, in excluding the declaration of Mrs. Sims, offered in evidence by the contestant.—*Blakey v. Blakey*, 33 Ala. 611; *Taylor v. Kelly*, 31 Ala. 59.

[2.] The proposition upon which rests the objection that was made to the competency of Moses T. Leslie as a witness, is, that the mere fact that a legacy is bequeathed to one renders him incompetent to testify against the validity of the will. That proposition has neither reason nor authority to support it.—*Roberts v. Trawick*, 13 Ala. 68; *Cleland v. Huey*, 18 Ala. 343. The court erred, therefore, in sustaining the objection, and, for the reason stated in it, excluding the witness.

Leslie v. Sims.

[3.] The rule is to reverse, when an error has been committed, unless the record affirmatively shows that no injury resulted from that error.—*Buford v Gould*, 35 Ala. 265. It is contended, that no injury resulted from the error in this case, because the witness was incompetent to testify for the contestant upon other grounds. His incompetency is apparent , it is contended, because it appears that he would be entitled to a much larger portion of the decedent's estate, if the will propounded for probate should be rejected, than he would receive under the will. If it be conceded that the witness might have been excluded upon the objection that he was interested, it does not follow, that the contestant is uninjured by the erroneous sustaining of the particular objection which was made. It may be that, if the objection on account of interest had been made, the competency of the witness would have been restored.—*Robinson v. Tipton*, 31 Ala. 595; *Scales v. Desha, Shepherd & Co.*, 16 Ala. 308. To allow an error, in sustaining one objection to the competency of a witness, to be cured on appeal by reference to another remediable objection, which might have been made, but was not made, would deprive a party of the right to restore the competency in those cases where it was practicable.

The question here is not the same with that which arises when the court, for a wrong reason, excludes illegal evidence. If evidence is intrinsically illegal, it is not entitled to any consideration from the jury, although it may happen to have been recited in their hearing; and no waiver on the part of either party can make it legal. On the other hand, the evidence adduced by a witness is not illegal, because the witness was incompetent on account of interest. A party may waive the objection for interest; and, if he does not make it, it is not the province of the court to make it for him.—*Gray v. Brown*, 22 Ala. 262. The rule is, that an objection to the competency of a witness, on the ground of interest, must be made at the first opportunity after its discovery.—*Gray v. Brown, supra ; Hudson v. Crow*, 26 Ala. 515 ; *Drake v. Foster*, 28 Ala. 649 ; *Hair v. Little*, *ib.* 236 ; *Insurance Co. v. Goodman*, 32 Ala. 108. This rule would not have permitted the appellee to claim, as a matter of right,

the privilege of making the objection for interest in the court below after the examination of the witness had terminated. *A fortiori*, it can not be made for the first time in this court, thus precluding all opportunity for the restoration of the competency of the witness.

[4.] It is also urged, that the witness was a party to the suit, and therefore the appellant had no right to his testimony. It is a sufficient reply to this argument, that the witness was not a party. The notification of the next of kin, in a proceeding for the probate of a will, does not make them parties. They are not parties, unless they are made parties in the probate court, or participate in the contest. This point was so ruled, after mature deliberation, in the recent case of *Patterson v. Clemens*, 38 Ala., to the opinion in which case we refer for a statement of the reasoning and authorities in support of the proposition.

Reversed and remanded.